UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Leon Henry Carter, III,

                Plaintiff,

                                    Civ. No. 11-2451 (RHK/LIB)
                                    **ORDER**

v.

Ralph Clark,

                Defendant.

---

Leon Henry Carter, III, Plaintiff *pro se*.

Brent C. Kleffman, Larry J. Peterson, Peterson, Logren & Kilbury, PA, St. Paul, Minnesota, for Defendant.

---

## INTRODUCTION

Plaintiff Leon Henry Carter III, an African-American prisoner in the custody of the Minnesota Department of Corrections ("DOC"), brings this § 1983 action against Defendant Ralph Clark, a managing supervisor for the company that employed Carter and other inmates pursuant to a contract with the DOC. Carter claims Clark violated his Eighth- and Fourteenth-Amendment rights by assigning him less desirable work and eventually laying him off and replacing him with a white inmate. Clark has moved for judgment on the pleadings, arguing that (among other things) service of process was improper. For the reasons set forth below, the Court will grant his Motion.

## BACKGROUND

Carter has been incarcerated since March 2008 at the Rush City Correctional Facility. (Am. Compl. ¶¶ 3, 10.) Plastech Corporation ("Plastech") employs Rush City

inmates as part of a prison-work program. (Id. ¶ 4.) Carter worked for Plastech as a general laborer, assembling various plastic and metal products. (Id. ¶¶ 10, 13.) Clark was his supervisor at all material times. (Id. ¶ 4.) The essence of Carter's Complaint is that Clark assigned him to an unfamiliar and more difficult job and then laid him off, along with another minority inmate, meanwhile assigning easier tasks to white workers so they could "move up in their quota[s] and escape the alleged layoff" and hiring white workers as replacements for Carter and the other laid-off minority inmate. (Id. ¶¶ 21-24.)

Carter initiated this action in Chisago County, Minnesota, District Court, asserting three claims pursuant to 42 U.S.C. § 1983: (1) violation of the Eighth Amendment; (2) violation of his Fourteenth Amendment due-process rights; and (3) violation of equal protection of the laws under the Fourteenth Amendment. (Id. ¶¶ 37-39.) He personally delivered a summons and copy of the Complaint to Clark. (See Doc. No. 1, Ex. 1 (Affidavit of Service in Person).) He attempted to personally serve Clark with his Amended Complaint, but Clark refused service. (See Doc. No. 4.) Clark removed the action to this Court and filed an Answer and an Amended Answer. He asserts, among other defenses, that service was improper (see Am. Answer at 4), and he now seeks judgment on the pleadings. The Motion has been fully briefed and is ripe for decision.[1]

## STANDARD OF DECISION

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, a party may move for judgment on the pleadings after the pleadings are closed but within such time that it

---

[1] After reviewing the written submissions, the Court concluded that oral argument would not materially assist its resolution of the Motion, so the hearing scheduled for November 18, 2011, was canceled. (See Doc. No. 22.)

will not delay the trial. A motion for judgment on the pleadings should be granted only when the pleadings pose no material issues of fact and the moving party is entitled to judgment as a matter of law. E.g., Clemons v. Crawford, 585 F.3d 1119, 1124 (8th Cir. 2009); Syverson v. FirePond, Inc., 383 F.3d 745, 749 (8th Cir. 2004). As with a motion to dismiss, the Court must accept as true all well-pleaded facts by the non-moving party, and all reasonable inferences must be construed in the non-movant's favor. See Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).

## ANALYSIS

Clark argues that Carter's claims fail as a matter of law for multiple reasons, including improper service of process. Because the Court agrees that Clark was not properly served, it will grant the Motion on that basis and will dismiss the Complaint without prejudice and not reach the merits of Carter's claims.

"In the absence of service of process (or waiver of service by defendant), a court ordinarily may not exercise power over a party." Murphy Bros., Inc v. Michetti Pipe Stringing, 526 U.S. 344, 350 (1999) (citations omitted). Stated differently, "[i]f a defendant is improperly served, a federal court lacks jurisdiction over [him]." Printed Media Serv., Inc. v. Solna Web, Inc., 11 F.3d 838, 843 (8th Cir. 1993). This is true even if a defendant has actual notice of the lawsuit. Sieg v. Karnes, 693 F.2d 803, 807 (8th Cir. 1982) (citations omitted). Furthermore, a defendant "consents to nothing and 'waives' nothing" by removing an action. Crumrine v. NEG Micon USA, Inc., 104 F. Supp. 2d. 1123, 1128 (N.D. Iowa, 2000) (quoting Greenberg v. Gianni, 140 F.2d 550,

553 (2d. Cir. 1944)). Thus, if improper service would have mandated dismissal of this case in state court, Clark did not waive this defense by removing the action to this Court.

Both the Federal and Minnesota Rules of Civil Procedure require service of process to be accomplished by a person who is "not a party" to the action. Fed. R. Civ. P. 4(c)(2) ("Any party who is at least 18 years old *and not a party* may serve a summons and complaint." (emphasis added)); Minn. R. Civ. P. 4.02 ("[T]he sheriff or any other person not less than 18 years of age and *not a party to the action* may make service of a summons or other process." (emphasis added)). Here, according to Carter's own so-called "Affidavit of Service in Person," he "personally served" the summons and complaint on Clark "by delivering and placing said summons and complaint in . . . Clark's hand and leaving the same with [him]." (Doc. No. 1, Ex. 1.) Since Carter is a party to this action, this was not proper service under the Rules.

Carter does not dispute the method of service he employed, but he contends that Clark waived this defense because he answered the Complaint and has actual notice of the lawsuit. However, the Rules expressly set forth how an improper-service defense is waived or preserved. It is waived if the defendant omits it from a Rule-12 motion or fails to raise it in his responsive pleading or an amendment to such pleading allowed as a matter of course. See Fed. R. Civ. P. 12(h)(1); Minn. R. Civ. P. 12.08(a). Here, Clark raised the defense in his Amended Answer, an amendment permitted as a matter of course, see Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course within 21 days after serving it."), and he continues to raise the defense now. Hence, the defense has not been waived.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Clark's Motion for Judgment on the Pleadings (Doc. No. 12) is **GRANTED**; and the Complaint (attached to Doc. No. 1) is **DISMISSED WITHOUT PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 9 2011                           s/Richard H. Kyle
                                                 RICHARD H. KYLE
                                                 United States District Judge